# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2012

No. 12-30016
Summary Calendar

Lyle W. Cayce
Clerk

JUSTIN JAMES,

Plaintiff-Appellee

v.

DENNIS G. ROACH; MOHAMED F. JUMAN, doing business as Juman
Trucking Services,

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CV-1653

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

After the district court found in favor of the plaintiff on liability, but before
it determined the amount of damages in a bench trial, the plaintiff and all
defendants entered into a high/low agreement setting a floor and ceiling for the
amount that the insurer, Aequicap Insurance Company, would pay on behalf of
its insureds, depending upon the district court's judgment. The district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-30016

determination fell within the amount agreed upon, and when Aequicap failed to pay as agreed, the district court ordered the agreement enforced upon motion by the plaintiff. The district court's judgment after the insurer became insolvent that the insureds were jointly and severally liable was not inconsistent with either the initial liability judgment or the high/low agreement. The liability judgment merely determined that Roach was the sole proximate cause of the accident. The high/low agreement provided that Aequicap's payment of damages was on behalf of *both* the insurer *and* the insureds. The high/low agreement did not absolve the insureds of liability, but rather established the total amount of damages in an enforceable contract, to which the insureds were parties. *See* LA. CIV. CODE ANN. art. 3071 (defining a compromise as a contract between the parties to it).

AFFIRMED.